UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SINDRICK TUCKER,<br>    Plaintiff, | Case No. 1:16-cv-003 |
| vs | Beckwith, J.<br>Bowman, M.J. |
| OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTIONS, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against. Plaintiff indicates that he intends to bring this action against all defendants named in the body of the complaint, which includes the Ohio Department of Rehabilitation and Corrections, the Ohio Parole Board, Lt. Russneck, C.O. Shambaugh, C.O. Titus, and Deputy Warden Mr. Remmick.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

---

[1] The Clerk of Court is directed to include the Ohio Department of Rehabilitation and Corrections, the Ohio Parole Board, Lt. Russneck, C.O. Shambaugh, C.O. Titus, and Deputy Warden Mr. Remmick as defendants in this action.

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

      Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that in 1995–97, while at the Madison Correctional Institution, the Ohio Parole Board retaliated against him by adding twenty years to his sentence, despite the fact that the board stated they were adding ten years at his hearing.  (Doc. 1 at PageID 2).  He further alleges that the parole board added five more years to his sentence in 2008 and 2013.  (*Id.* at 3).  According to plaintiff, the parole board retaliated against him for his supposed involvement in the Lucasville prison riots.  (*Id.* at 4).

Plaintiff alleges that excessive force was used against him by C.O. Shambaugh in 2005, resulting injuries to his lower back and neck.  (*Id.* at 2).  Plaintiff also claims that he was assaulted in by Lt. Russneck in 1999 and C.O. Titus in 2015.  (*Id* at 2, 4).  He further alleges that he was denied pain medication and a required handicapped cell in 2009 while at the Mansfield

3

Correctional Institution.  (*Id.* at 3).  Plaintiff claims the denial of pain mediation continued from 2009–2011.  (*Id.*).

Plaintiff indicates that he went on a hunger strike from March 15, 2015 to April 20, 2015, in order to get medical treatment for untreated neck injuries and the denial of pain medication.  (*Id.* at 4).  He claims that Ohio State Penitentiary ("OSP") Deputy Warden Remmick was "getting pressured by central office O.D.R.C. to make me come off hunger strike."  (*Id.*).  Plaintiff alleges that Remmick "had me assaulted 'twice' with 'mace' excessively in a inclosed [sic] heated cell with 'no air'- knowing my lungs could collapse and I could possibly die."  (*Id.*).  He claims Remmick placed him on suicide watch at OSP in order to have him transferred in retaliation for prior hunger strikes and for seeking to stay in his required handicapped cell.  (*Id.* at 5).

For relief, plaintiff requests immediate transfer back to OSP or a level 3 custody designation, that he be placed back in a required handicapped cell and be provided with medications to treat the injuries sustained in 2005 by C.O. Shambaugh, and $250,000 in punitive and compensatory damages.  (*Id.*).

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force against defendant Remmick.  Plaintiff has also stated a plausible claim of retaliation against defendant Remmick.  At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims should be dismissed.  First, plaintiff's claims against the Ohio Parole Board should be dismissed because it is not subject to suit under § 1983.

4

The Ohio Parole Board is a section within the Adult Parole Authority, a state agency. *See* Ohio Rev. Code § 5149.02; *Holson v. Good,* 579 F. App'x 363, 366 (6th Cir. 2014) ("The Parole Authority is undisputedly a state agency."). Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman,* 465 U.S. 89, 100 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir.1999); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449, 460 (6th Cir.1982); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 681 (6th Cir.1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young,* 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341–43, 345 (1979). Therefore, the Ohio Parole Board is immune from suit in this case and plaintiff's claims against this defendant should be dismissed. *Murray v. Ohio Adult Parole Authority,* 916 F.2d 713, 1990 WL 155692 at *2 (6th Cir. Oct. 17, 1990) (holding that the Eleventh Amendment barred the plaintiff's suit against the Ohio Adult Parole Authority).

Second, plaintiff's claims stemming from factual allegations in the late 1990's and early 2000's—including his claim of assault by Lt. Russneck in 1999 and 2005 allegation of excessive

5

force against C.O. Shambaugh—are subject to dismissal as being time-barred. *See, e.g., Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.,* No. 97–3564, 1998 WL 789385, at *1–2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. of America,* No. 4:12cv357, 2012 WL 2862882, at *2–3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd,* 529 F. App'x 558 (6th Cir. 2013) (per curiam).

Any claims that plaintiff has against the Ohio Department of Rehabilitation and Corrections must also be dismissed, as defendant is not a person under § 1983. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or

6

immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" for § 1983 purposes); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same); *Mitchell v. Chester County Farm Prisons,* 426 F. Supp. 271, 274 (E.D. Penn. 1976) (same)). *See also Dauban v. Marquette County Jail*, No. 2:06-cv-65, 2006 WL 2700747, at *3 (W.D. Mich. Sept. 18, 2006) (and cases cited therein).

Finally, the complaint should be dismissed against C.O. Titus. Without elaboration, plaintiff alleges Titus assaulted him on April 20, 2015. (Doc. 1, Complaint at PageID 4). Because the complaint provides no "more than an unadorned, the-defendant-unlawfully- harmed-me accusation," *Iqbal*, 129 S.Ct. at 1949, the complaint fails to state a claim upon which relief may be granted against C.O. Titus.

Accordingly, in sum, the undersigned concludes all claims alleged by plaintiff in his complaint are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted, except that plaintiff may proceed with (1) his excessive force claim and (2) First Amendment retaliation claim against defendant Remmick.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Ohio Department of Rehabilitation and Corrections, Ohio Parole Board, Lt. Russneck, C.O. Shambaugh, and C.O. Titus be **DISMISSED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may proceed with his for excessive force and retaliation claims against defendant Remmick.

The United States Marshal shall serve a copy of the complaint, summons, the separate Order granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Remmick as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SINDRICK TUCKER,  
    Plaintiff,

vs

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, et al.,  
    Defendants.

Case No. 1:16-cv-003

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).